UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

MAY 15 2017

US District Court
Western District of NC

UNITED STATES OF AMERICA )  DOCKET NO. 3:17cr133-RJC
)
v. ) BILL OF INFORMATION
)
KENIONA LANEEN THOMAS ) 18 U.S.C. §1028(a)(7) and (b)(1)(D)
)

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

1. KENIONA THOMAS was an employee at a Charlotte medical practice, and as such, had access to patients' personally identifying information ("PII"), which included patient names, social security numbers, and dates of birth.

2. Between in or about July 2014, and August 2016, THOMAS provided the PII of more than of 150 patients to Christopher Roach (indicted elsewhere), who used the PII to make fraudulent purchases and to obtain fake driver's licenses. Roach paid THOMAS $10 for each individual's PII.

3. THOMAS obtained more than $1,000 from Roach in a one-year period.

4. As a result of the PII provided by THOMAS, Roach and others obtained new credit card accounts and accessed existing accounts to defraud individuals and banks of at least $97,000.

## COUNT ONE

### (IDENTITY THEFT - 18 USC §1028(a)(7) and (b)(1)(D)

4. Paragraphs 1 through 3 of this Information are re-alleged and incorporated herein by reference as though fully set forth herein.

5. Between July 2014 and August 2016, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

KENIONA L. THOMAS

did knowingly transfer in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name, social security number and date of birth, knowing that the means of identification belonged to another actual person, with the intent to commit, or to

aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, bank fraud in violation of 18 U.S.C. § 1344, and, as a result of the offense, the defendant obtained anything of value aggregating $1,000 or more during any one year period.

All in violation of Title 18, United States Code, Section 1028(a)(7) and (b)(1)(D).

## NOTICE OF FORFEITURE

Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 1028, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). Under section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by section 981(a)(1)(C). The following property is subject to forfeiture in accordance with sections 982, 1028, 853, and/or 2461(c):

a. all property which constitutes or is derived from proceeds obtained directly or indirectly as a result of the violations alleged in this bill of information;

b. all property used or intended to be used to commit the violations; and

c. in the event that any property described in (a) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of the proceeds of the offenses alleged in this bill of information.

JILL WESTMORLAND ROSE
UNITED STATES ATTORNEY

*/s/ Kimlani M Ford*

KIMLANI FORD
ASSISTANT UNITED STATES ATTORNEY